941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie Lynn ALVEY, Defendant-Appellant.
 No. 91-3124.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Jackie Lynn Alvey, a federal prisoner, appeals the sentence imposed by the district court on January 29, 1991 following her conviction for transportation in interstate commerce of stolen securities and money with a value of $5,000 or more in violation of 18 U.S.C. § 2314. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 In September 1990, Alvey pleaded guilty to the one-count information described above. During her plea hearing Alvey admitted that between January 1, 1988 and July 18, 1990 she converted and cashed for her own use checks intended for the charity Dreams Come True, Inc., which grants the wishes of terminally ill children in the greater Cincinnati area. The amount stolen was not specified in the plea agreement, but the Presentence Investigation Report (PSI) stated that the U.S. Attorney's Office was in possession of at least $10,150 in cancelled checks made out to Dreams Come True, Inc. and endorsed by Alvey. That report also indicated that Alvey's employer, WCPO-TV/Channel 9, had reimbursed the charity in the amount of $29,000, which is the amount that Dreams Come True, Inc. and Channel 9 determined was actually taken from the proceeds of the charity golf tournament.
 
 
 4
 The district court imposed a sentence of 12 months imprisonment, three years supervised release, $29,000 in restitution to Channel 9, and $50 special assessment. In its statement of reasons, the court found that the offense was governed by U.S.S.G. § 2F1.1. The base offense level for Alvey's offense was six, which was increased by four levels because of the amount of the loss. This was further increased by two levels because of more than minimal planning and by two levels because the defendent misrepresented that she was acting on behalf of a charitable organization. This adjusted offense level of fourteen was then reduced by two levels for acceptance of responsibility for a total offense level of twelve. With a criminal history category of I, Alvey's guideline sentence range was 10-16 months.
 
 
 5
 On appeal, Alvey argues that the district court erred in: (1) increasing her offense level by four based on the premise that the total loss to the charity was $29,000, and (2) increasing her offense level by two based upon the premise that she misrepresented herself as acting on behalf of a charitable organization.
 
 
 6
 Upon review, we conclude that the district court's findings of fact which underlie the challenged enhancements are not clearly erroneous. See 18 U.S.C. § 3742(e); United States v. Moreno, 899 F.2d 465, 470 (6th Cir.1990).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation